UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:21-cv -2049

GUSTAVO ZAMORA,

       Plaintiff,

v.

ROCKY MOUNTAIN EMS, INC d/b/a Rocky Mountain Mobile Medical d/b/a Beo Mobility, and RAYMOND GOETZE, an individual,

       Defendants.

## COMPLAINT

### INTRODUCTION

1. Plaintiff Gustavo Zamora ("Plaintiff") worked as a paramedic for Defendants' emergency medical services company for only a couple of months, but during his employment the company attempted to classify part of his work as "employee" work and part as "independent contractor" work in order to avoid paying overtime. When he complained about this, Defendants fired him.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Rocky Mountain EMS, Inc d/b/a Rocky Mountain Mobile Medical and d/b/a Beo Mobility ("Rocky Mountain Mobile EMS") and Raymond Goetze, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Minimum Wage Claim Act, §8-4-101, *et seq*. and the Colorado Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Order for

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

Minimum Pay Standards (the "COMPS") (collectively, "CWCA").

3. Plaintiff Gustavo Zamora further alleges that Defendants violated the anti-retaliation provisions of the FLSA and/or CWCA by terminating him in response to his decision to pursue a wage claim against them.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at or around the Defendants' business located at 5055 Mark Dabling Blvd., Colorado Springs, CO 80918, CO, and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Rocky Mountain EMS, Inc.**

7. Defendant Rocky Mountain EMS, Inc (hereinafter "Rocky Mountain Mobile EMS") is a Colorado corporation doing business within El Paso County, whose principal place of business is located at 5055 Mark Dabling Blvd., Colorado Springs, CO 80918. Its registered agent is listed with the Colorado Department of State as Rocky Mountain EMS, Inc. at the same address. Registered trade names associated with this entity include Rocky Mountain Mobile Medical and Beo Mobility.

8. At all relevant times, Defendant Rocky Mountain Mobile EMS had annual gross revenues

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

in excess of $500,000.

9. At all relevant times, Defendant Rocky Mountain Mobile EMS was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all times material to this action, Defendant Rocky Mountain Mobile EMS was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Raymond Goetze**

11. Defendant Raymond Goetze, an individual, resides in Colorado Springs, Colorado, El Paso County, upon information and belief.

12. At all times material to this action, Defendant Goetze actively participated in the business of the corporation.

13. At all times material to this action, Defendant Goetze exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

14. At all times material to this action, Defendant Goetze was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA and CWCA.

**Plaintiff Gustavo Zamora**

15. Plaintiff Gustavo Zamora is a resident of Colorado Springs, Colorado, which is in El Paso County.

16. Plaintiff Zamora worked for Rocky Mountain Mobile EMS as a paramedic from February 17, 2021 to April 21, 2021.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Rocky Mountain Mobile EMS*
USDC, District of Colorado

Complaint
Page 3

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

17. At all times material to this action, Plaintiff Zamora was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

18. While in this position, Plaintiff's compensation was on an hourly basis. His rate of pay was $21 per hour for regular work and $50 per hour for FEMA (covid-related) contracts.

19. While working in this capacity, Plaintiff Zamora recorded time worked in a handwritten daily log. Defendants are or should be in possession of all employees' time records, including Plaintiff's.

20. Zamora estimates that generally he worked approximately 100 hours per week.

21. Mr. Zamora typically worked two 24-hour shifts per week. He also worked additional shifts to do the FEMA work, and did as much as he could of this higher-paying work. For that work he worked 12-14hrs/day almost every day he wasn't doing his 24 hr shifts.

22. For the two 24-hour regular shifts the employer paid Mr. Zamora at a rate of ($21/hr x 40) + ($21 x 1.5 x 8/hrs).

23. For the FEMA work Defendants paid Plaintiff at a "straight time" rate of $50 per hour, even though he had already worked more than 40 hours in the workweek.

24. Thus, Plaintiff Zamora was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

25. Plaintiff reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure to Pay Time Overtime Properly*

26. Defendants failed to compensate Plaintiff employees at a rate of one and one half times

their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

**Willful & Not Based on Good Faith & Entitlement to Damages**

27. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

28. At all relevant times, Defendants knew of the FLSA's requirements regarding overtime. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

29. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

30. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid overtime wages, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

31. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

32. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS.

33. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Rocky Mountain Mobile EMS*
USDC, District of Colorado

Complaint
Page 5

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

34. Plaintiff work more than 40 hours at least some workweeks.

35. Defendants did not pay the Plaintiff overtime premiums for all of the hours he worked over 40 in each workweek.

36. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

37. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

38. Defendants violated the CWCA as implemented by the COMPS, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

39. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### *Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103)**

40. The Defendants failed to pay Plaintiff all his earned wages when due, as alleged above.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

41. Plaintiff has been separated from employment with Defendants.

42. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment, as alleged above.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

### *Wage Demand Penalties*
**(Violation of the C.R.S. § 8-4-109)**

43. Plaintiff, through counsel, issued Defendants a Wage Demand letter dated May 18, 2021.

44. In that, Plaintiff demanded payment of $9,420.96.

45. Defendants sent funds to Plaintiff's counsel in the amount of $9,420.96.

46. However, Defendants' "tender" was contingent. Their counsel conditioned this payment with the following language: "*We are conceding the above sum only to deprive you the opportunity of realistically obtaining any fees or costs. This transfer is being made under the following condition: (1) You may not disburse any money transferred into your trust account to you or Gustavo pending final resolution of a lawsuit my clients will bring file against Gustavo seeking substantial damages. … (2) Once my clients file their lawsuit they will be making a motion to have the money paid into your trust fund transferred to the Court's Registry to be held there pending resolution of this case*."

47. These funds are in Plaintiff's counsel's firm's COLTAF account at present.

48. This payment does not constitute a tender of wages as contemplated by § 8-4-109. Therefore, the penalties set forth therein are payable.

### *Damages*

49. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Rocky Mountain Mobile EMS*
USDC, District of Colorado

Complaint
Page 7

### As And For A Third Cause of Action:
### FLSA – RETALIATION

50. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth

51. In addition, following his termination, Plaintiff, through counsel, sent Defendants "demand letters" in which he made claims to wages owed.

52. In response, Defendants have threatened to sue Plaintiff. The proposed grounds upon which such a suit might be brought are meritless.

53. Defendants have violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

54. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A First Cause of Action:
### CWCA – RETALIATION

55. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

56. By complaining about the propriety of these pay practices to Defendants and by hiring counsel to pursue a wage claim against them, Plaintiff engaged in activities protected under CRS § 8-4-120[1].

57. Defendants violated the provisions of CRS § 8-4-120 by retaliating against Plaintiff for

---

[1] "No employer shall intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any employee who has filed any complaint or instituted or caused to be instituted any proceeding under this article or related law or who has testified or may testify in any proceeding on behalf of himself, herself, or another regarding afforded protections under this article."

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Rocky Mountain Mobile EMS*
USDC, District of Colorado

Complaint
Page 8

exercising protected rights, by threatening to sue him, for large amounts of money.

58. As a result of these violations by Defendants of the anti-retaliation provision of the CWCA, the Plaintiff is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the CWCA; and

(B) Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Award Plaintiff statutory penalties as provided for by Colorado law; and

(D) Award Plaintiff appropriate damages for the retaliatory acts taken against through him, including back pay, front pay in lieu of reinstatement, emotional distress, legal fees, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial; and

(E) Award Plaintiff interest; and

(F) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the Complaint.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Rocky Mountain Mobile EMS*
USDC, District of Colorado

Complaint
Page 9

Respectfully submitted, this **29th** day of **July, 2021.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.
(646) 998-8051 fax

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Zamora v. Rocky Mountain Mobile EMS*
USDC, District of Colorado

Complaint
Page 10